OLIVER M. GUPTILL v. CITY OF RED WING and Others.

April 27, 1899.

Nos. 11,545—(97).

**Discretion of Court—Amendment of Answer—Supplemental Answer.**
*Held*, the court did not err or abuse its discretion in refusing leave to amend the answer by setting up facts which arose after the service of the original answer, as such facts should have been set up in a supplemental answer.

**Same—Evidence.**
In the absence of such a supplemental answer, *held*, the court did not err in refusing to receive evidence of such facts on the trial.

**Injunction Bond—Complaint Good against Objection at Trial.**
*Held*, a complaint on an injunction bond, alleging that the court finally decided the injunction suit and dismissed the same, is sufficient,—at least, as against an objection made for the first time on the trial.

Appeal by defendants from an order of the district court for Goodhue county, Crosby, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $150.   Affirmed.

*J. C. McClure*, for appellants.

*F. M. Wilson*, for respondent.

CANTY, J.

This is an action on an injunction bond.   Defendant city commenced a former action against this plaintiff to abate a nuisance, procured an injunction pendente lite to restrain the carrying on of the alleged nuisance, and executed therefor the bond in question. The action was afterwards tried on the merits, and thereafter the court ordered judgment for defendant.   Judgment was entered accordingly on September 4, 1897.   This action was commenced immediately afterwards, issue was joined herein on October 6, and the case was placed for trial on the calendar of the general term of the district court, commencing October 19, 1897.   Defendant claims that on that same day an appeal was taken in the former action.   This action came on for trial October 27, and, when called for trial, defendant moved for leave to amend his answer by in-

76 M.—9

serting therein an allegation that said former action had been so appealed on October 19, and was then pending in the supreme court. The motion was denied. On the trial plaintiff had a verdict, and from an order denying a new trial defendants appeal.

1. The court did not err or abuse its discretion in denying the motion to amend the answer, if for no other reason, because the facts sought to be alleged by the amendment occurred after the service of the answer, and should be set up in a supplemental answer. G. S. 1894, § 5270. It is irregular to set up by amendment of the original pleading matter which arose after the service of such pleading, but the same should be set up by a supplemental pleading. 1 Enc. Pl. & Prac. 576; 2 Wait, Pr. 467.

2. As no such supplemental answer had been served or filed, the trial court did not err in rejecting the proof offered on the trial that said former action had been so appealed.

3. On the trial, defendant objected to the introduction of any evidence on the ground that the complaint does not state a cause of action, because it does not state that judgment had been entered in the former action. The complaint alleges that the former action

"So commenced against this plaintiff was prosecuted and carried on, and that it was finally decided by the said court therein, and before the commencement of this action, that the said city of Red Wing was not entitled to the said injunction, and said action was by said court dismissed."

The statute (G. S. 1894, § 5347) provides that such an injunction bond shall be conditioned

"That the party applying for the writ will pay the party enjoined or detained such damages as he sustains by reason of the writ, if the court finally decide that the party was not entitled thereto."

The condition in the bond is in the language of the statute. Under these circumstances the complaint is sufficient,—at least, as against an objection made for the first time on the trial.

Order affirmed.